UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JESUS RODAS,<br><br>　　　　　　　　Petitioner,<br>　　v.<br>TIMOTHY FILSON, *et al.*,<br><br>　　　　　　　　Respondents. | Case No. 3:16-cv-00546-MMD-VPC<br><br>ORDER |

By a previous order (ECF No. 3), petitioner was directed to pay the filing fee in order to proceed with his federal habeas petition. The Court has been informed that petitioner has now paid the full filing fee. Thus, the petition and accompanying documents will be filed.

The Court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases and finds that one of the claims in the petition is subject to dismissal. In Ground One, petitioner alleges that he was deprived of effective assistance of counsel due to his counsel's failure to investigate the charges against him. Petitioner does not, however, specify what an adequate investigation would have disclosed or how it may have led to a more favorable outcome of his case. Petitioner also contends that his counsel "failed to act as a zealot advocate" on his behalf, but provides no factual allegations to support this assertion.

A petition for writ of habeas corpus under 28 U.S.C. § 2254 cannot rely upon mere "notice" pleading, as may be found in other civil cases in the United States District Courts. *Blackledge v. Allison*, 431 U.S. 63, 75 n. 7 (1977) (citing Advisory Committee Note to Rule 4, Rules Foll. Cases under 28 U.S.C. § 2254). "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 29 (9th Cir. 1994); *see also Allard v. Nelson*, 423 F.2d 1216, 1217 (9th Cir.1970) (holding that conclusory allegations in a habeas petition fail to state a claim and do not suffice to shift the burden to the state to answer an order to show cause). Ground One, as drafted, must be dismissed. Nevertheless, a tenable claim for relief could be presented if petitioner amended his petition to include additional facts in support of his claim. Thus, petitioner will be granted the opportunity to amend his petition for that purpose.

In addition, petitioner should not only attempt to correct the foregoing deficiency but also include all claims for relief of which he is aware. That is, the petition should contain all exhausted claims and all unexhausted claims which petitioner believes might be a basis for granting relief from the criminal conviction or sentence. An exhausted claim is one that has been fairly presented to the Nevada Supreme Court. An unexhausted claim, on the other hand, is one that has not been presented to the Nevada Supreme Court and, indeed, may not have been presented to any court. If petitioner is aware of any claim and fails to inform this Court as provided below, the abuse of the writ rules may bar petitioner from ever raising this claim in a federal court.

The Court, therefore, instructs petitioner to consider the matter carefully and to determine all possible claims for habeas corpus relief. If petitioner knows or learns of any exhausted or unexhausted claims which are not included in the present petition, petitioner should include such claims in his amended petition. Petitioner's failure to do so may prevent petitioner from ever raising these claims at a later date.[1]

---

[1]This order does not explicitly or implicitly hold that the petition otherwise is free of deficiencies.

2

Petitioner has also submitted a motion for appointment of counsel. Pursuant to 18 U.S.C. §3006A(a)(2)(B), the district court has discretion to appoint counsel when it determines that the "interests of justice" require representation. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555(1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). At this point, the issues in this case are not particularly complex. It does not appear that appointment of counsel is warranted in this instance. Petitioner's motion for the appointment of counsel is denied.

It is therefore ordered that the Clerk file the petition for writ of habeas corpus and the motion for appointment of counsel, the latter of which is denied. The Clerk will refrain from serving the respondents at this time, pending the amendment of the petition.

It is further ordered that petitioner will have thirty (30) days from the date of the entry of this order on the record within which to file with the Court an amended petition which corrects the deficiency identified in this order. In addition, petitioner must include in that amended petition any and all additional claims for habeas corpus relief of which petitioner is aware.

It is further ordered that if petitioner fails to respond to this order in the time and manner provided above, the Court will conclude that petitioner wishes to proceed based on his initial petition with Ground One dismissed.

///

///

///

It is further ordered that the Clerk send petitioner a noncapital Section 2254 habeas petition form, one copy of the instructions for the form, and a copy of his initial habeas petition.

DATED THIS 19th day of January 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

4